# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**ROY FRANK MONTGOMERY**                                                   **PETITIONER**

v.                                                                   No. 1:05CV108-D-A

**WARDEN LAWRENCE GREER, ET AL.**                                         **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Roy Frank Montgomery for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be **DISMISSED** with prejudice as untimely filed under 28 U.S.C. § 2244(d).

### Facts and Procedural Posture

Roy Frank Montgomery was convicted for two counts of sale of a controlled substance in the Circuit Court of Oktibbeha County, Mississippi. The court sentenced the petitioner to serve consecutive terms of ten years and six years in the custody of the Mississippi Department of Corrections. On March 19, 2002, the Mississippi Court of Appeals affirmed the petitioner's judgment of conviction and sentence. *Montgomery v. State,* 811 So. 2d 471 (Miss. App. 2002) (Cause No. 2000-KA-01904-COA). The petitioner did not timely seek discretionary review in state court by filing a petition for rehearing in the supreme court under Mississippi Rule of Appellate Procedure 40. On August 28, 2003, the petitioner filed an "Application for Leave to Proceed in the Trial Court with Post-Conviction Motion for Relief from Conviction and Sentence" in the Mississippi Supreme Court. The Mississippi Supreme Court denied the

application December 11, 2003. (Mississippi Supreme Court Cause No. 2003-M-01884). On December 24, 2003, the petitioner filed a "Motion to Amend or Correct Order" in that court; the Mississippi Supreme Court denied the motion January 23, 2004. (Mississippi Supreme Court Cause No. 2003-M-01884).

The petitioner filed a second "Application for Leave to Proceed in the Trial Court with Post-Conviction Motion for Relief from Conviction and Sentence" in the Mississippi Supreme Court April 7, 2004. The application was denied August 2, 2004. (Cause No. 2003-M-01884).

**Discussion**

The petitioner's conviction became final on April 2, 2002, fourteen days after the Mississippi Court of Appeals affirmed the petitioner's conviction. MISS. R. APP. P. 40(a) (allowing fourteen (14) days to file a petition for rehearing in state court after direct appeal is affirmed). Therefore, the deadline for the petitioner to submit a properly filed state application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) – and thus toll the federal one-year statute of limitations – was a year later on April 2, 2003. *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). The petitioner did not meet the April 2, 2003, deadline as the petition was not filed until August 28, 2003, 148 days after that deadline expired. The petitioner thus did not enjoy the benefit of statutory tolling.

The petitioner cites *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), in an effort to invoke equitable or statutory tolling. The petitioner argues that the federal one-year statute of limitation on *habeas corpus* petitions does not begin to run until *after* the three-year state period of limitations expires. First, the petitioner's argument runs counter to the governing precedent from this circuit. *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied,* 121, S.Ct.498 (2001). In addition, the *Carey* decision turns on a point of California law

that has no counterpart in Mississippi and does not apply to this case. Most state collateral review systems require a prisoner to file an application for post-conviction collateral relief in a trial court, then to file a notice of appeal within a specified time after entry of the trial court's unfavorable judgment – and, if unsuccessful at that level – to file a further notice of appeal (or request for discretionary review) to the state supreme court within a specified time. Indeed, that is the procedure in Mississippi. California, however, has a unique system of collateral review involving not a notice of appeal, but the filing (within a "reasonable" time) of a further *original* state *habeas corpus* petition in a higher court. The *Carey* decision turned on the second "original" petition in a higher court, the use of the word "reasonable" in determining the timeliness of a petition, and the fact that the California Supreme Court had reviewed the merits of that petitioner's claims – despite its finding that Mr. Saffold had not exercised due diligence in pursuing his claims. None of these critical facts in *Carey* applies in this case. As such, the petitioner's reliance on that case is not well-founded.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the petitioner did not completely date his petition; the part of the petitioner where the date of the signature should be reads, "7th day of 2005." The petitioner omitted the month from the date. The court received and filed the petition on April 12, 2005. The court thus finds that the petition was signed on April 7, 2005. The instant petition was thus filed 736 days after the April 2, 2003, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling.

*Ott v. Johnson,* 192 F.3d at 513-14.  The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d).

A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 10th day of March, 2006.

    /s/ Glen H. Davidson
CHIEF JUDGE